IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE CALLEGARI,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES D. LEE, M.D., et al.,<br><br>    Defendants.<br>_____ | No. C 08-2420 MMC (PR)<br><br>**ORDER TO SHOW CAUSE WHY IFP STATUS SHOULD NOT BE VACATED AND CASE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g); DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(Docket No. 3)** |

On May 12, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, and the action was assigned to the Honorable Claudia Wilken. On July 3, 2008, Judge Wilken granted plaintiff's application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. On October 14, 2008, in accordance with the Northern District's Assignment Plan, the action was reassigned to the undersigned, as all four of plaintiff's prior actions in this court have been so assigned.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

1  injury." 28 U.S.C. § 1915(g). The effect of § 1915(g) is that a prisoner cannot proceed with
2  his action IFP under § 1915, but he still may pursue his claims if he pays the full filing fee at
3  the outset of the action. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996)
4  (holding prisoner barred from proceeding IFP under § 1915(g) may proceed under fee
5  provisions of 28 U.S.C. §§ 1911-14 applicable to all other litigants).

6        For purposes of determining whether dismissal of a prisoner's prior case meets the
7  requirements of § 1915(g), the phrase "fails to state a claim on which relief may be granted"
8  parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same
9  interpretation; the word "frivolous" refers to a case that is "of little weight or importance:
10 having no basis in law or fact"; and the word "malicious" refers to a case "filed with the
11 intention or desire to harm another." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)
12 (quotations and citations omitted).

13       Before leave to proceed IFP may be denied under § 1915(g), the prisoner must be
14 given notice of the potential applicability of § 1915(g), by either the district court or the
15 defendants. Id. Further, as the prisoner bears the ultimate burden of persuasion that
16 § 1915(g) does not bar IFP status for him, the court must notify the prisoner of the earlier
17 dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity
18 to be heard on the matter before dismissing the action. Id. at 1120.

19       As noted, plaintiff has been granted leave to proceed IFP herein. It appears, however,
20 that plaintiff might not be entitled to such status. Specifically, a review of the dismissal
21 orders in the prior actions filed by plaintiff in this court reveals that he has filed as a prisoner
22 more than three actions that subsequently were dismissed on the grounds they were frivolous,
23 malicious, or failed to state a claim upon which relief may be granted. The Court has
24 evaluated these actions based on the dismissal orders filed therein. See id. (holding where
25 docket records are not sufficient to determine whether prior dismissals fall under § 1915(g),
26 actual court files must be consulted). In particular, plaintiff is now given notice that the
27 Court is of the belief that the following dismissals may be counted as dismissals for purposes
28 of § 1915(g): Callegari v. Lustman, et al., No. C 00-1615 MMC (PR) (N.D. Cal. June 9,

2000) (dismissing action with prejudice for failure to state a claim); Callegari v. Chesterman, et al., No. C 02-3624 MMC (PR) (N.D. Cal. Nov. 4, 2002) (same); Callegari v. D. Sellers, et al., No. C 06-1970 MMC (PR) (N.D. Cal. June 2, 2006) (same). Additionally, the Court is of the belief that the following dismissals of three actions filed by plaintiff in the United States District Court for the Eastern District of California likewise may be counted as dismissals for purposes of § 1915(g): Callegari v. Director of Dep't of Corrections, et al., No. CIV S 06-0399 DFL DAD P (E.D. Cal. Sept. 5, 2007) (adopting findings and recommendations of magistrate judge and dismissing all claims as legally frivolous); Callegari v. Doctor Adya, et al., No. CIV S 06-0443 MCE DAD P (E.D. Cal. Jan. 9, 2007) (same); Callegari v. County of San Joaquin, No. CIV S 08-0214 JAM KJM P (E.D. Cal. Oct. 6, 2008) (same).

In light of the above-noted dismissals, and because plaintiff has not alleged he is under imminent danger of serious physical injury, plaintiff is hereby ORDERED TO SHOW CAUSE, within **thirty days** of the date this order is filed, why the order granting plaintiff leave to proceed IFP should not be vacated and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Alternatively, rather than showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying, within **thirty days** of the date this order is filed, the full $350.00 filing fee. Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice to plaintiff's refiling the complaint in a new case in which plaintiff pays the filing fee.

In light of the above, plaintiff's motion for a preliminary injunction is hereby DENIED as premature.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: December 30, 2008

_____
MAXINE M. CHESNEY
United States District Judge