IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE CALLEGARI, ) | No. C 08-2420 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH** |
| ) | **LEAVE TO AMEND** |
| v. ) | |
| ) | |
| CHARLES D. LEE, M.D., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On May 12, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, and the action was assigned to the Honorable Claudia Wilken. On July 3, 2008, Judge Wilken granted plaintiff's application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. On October 14, 2008, in accordance with the Northern District's Assignment Plan, the action was reassigned to the undersigned, as all four of plaintiff's prior actions in this court have been so assigned.

Upon reassignment, the Court reviewed both the instant action and plaintiff's prior actions; in so doing, the Court determined that plaintiff might not be entitled to proceed IFP herein. Specifically, the Court found that plaintiff might be barred from proceeding IFP under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action or

appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In so finding, the Court evaluated plaintiff's prior actions filed in this court based on the dismissal orders filed therein, and concluded that three of the dismissals may be counted as dismissals for purposes of § 1915(g). Additionally, the Court concluded that the dismissals of three actions filed by plaintiff in the United States District Court for the Eastern District of California likewise may be counted as dismissals for purposes of § 1915(g). (Order, filed Dec. 30, 2008, at 2:26-3:10.) Consequently, in light of the above-noted dismissals, and because plaintiff had not alleged in his complaint that he is under imminent danger of serious physical injury, the Court ordered plaintiff to show cause why the order granting plaintiff leave to proceed IFP should not be vacated and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). (Id. at 3:11-15.)

Plaintiff has filed a timely response to the Court's order, in which response he argues that the crux of his complaint is that in 2004 he tested positive for Hepatitis A, B and C, but from then until now doctors at SVSP have told him that he does not have Hepatitis and refuse to provide him with medical treatment for that disease. Liberally construed, plaintiff's allegations are sufficient for the Court to find that plaintiff "is under imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g). Accordingly, the Court will not vacate plaintiff's IFP status in the instant matter and will proceed to review the allegations in the complaint.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

2

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

The following facts are drawn from the allegations in the complaint and the attachments thereto. In 2004, plaintiff, while incarcerated at SVSP, was diagnosed with Hepatitis A, B and C. From that date forward, notations have been made in plaintiff's medical records that he tested positive for Hepatitis, but he has never received treatment for Hepatitis. Further, plaintiff claims he has been told by various SVSP medical practitioners that he does not have Hepatitis. In 2007, plaintiff filed a medical administrative appeal seeking to be seen by a private, i.e. non-SVSP, doctor, to confirm his Hepatitis diagnosis and for treatment. In January 2008, Charles M. Lee, M.D., the Health Care Manager at SVSP, partially granted plaintiff's appeal and ordered a new screening test for Hepatitis A, B and C through "an outside independent community laboratory." (Compl. Ex. A "Memorandum" dated Jan. 15, 2008, at 2.) Further, Dr. Lee informed plaintiff that an appointment had been scheduled for plaintiff to discuss the results of the test with his primary care provider in approximately six weeks. (Id.) Thereafter, plaintiff, on January 20, 2008, submitted an appeal of Dr. Lee's decision to the Director's level of review. As of April 28, 2008, however, which is the date on which plaintiff signed his complaint, plaintiff had not yet received a response to the appeal.

Naming as defendants each of the SVSP doctors plaintiff has seen from the time he tested positive for Hepatitis in 2004 to the present, plaintiff claims he has never received adequate care for his Hepatitis from any doctor at SVSP. He asks the Court to order that he

1 be seen by a private physician, and also seeks monetary damages.

2 C.     The Exhaustion Requirement

The Court liberally construes the allegations in the complaint as an attempt by plaintiff to assert a claim under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  As an initial matter, however, the claim cannot proceed until plaintiff clarifies whether he has exhausted his administrative remedies with respect thereto.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as  money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15 ("CCR"), § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal level appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director").  See CCR § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

An action must be dismissed unless the prisoner first exhausted his available

administrative remedies before he filed suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (holding that where administrative remedies are not exhausted before prisoner sends complaint to court, complaint will be dismissed even if exhaustion completed by the time complaint is actually filed).

At the time plaintiff filed the instant action, his request for a new blood test to confirm his Hepatitis status had been approved by Dr. Lee, he had been scheduled to meet with his primary care provider in six weeks to go over the test results, and he had an administrative appeal of Dr. Lee's decision pending at the Director's level of review. Thus, it appears from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to filing suit and, consequently, the action is subject to dismissal.

There is some authority, however, for the proposition that the exhaustion requirement may be satisfied if a prisoner files a grievance and receives no response within the time allotted for a response under the grievance procedure. See Gregory v. PHS, Inc., No. Civ. A. 00-467-SLR, 2001 WL 1182779, *2 (D. Del. Sept. 21, 2001) (holding prisoner satisfied exhaustion requirement where prisoner filed grievance and received no response for such length of time that "it [was] safe to assume [it] exceeded the amount of time allowed for prison authorities to respond under said grievance procedure"); cf. Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (holding prisoner who never received response to first-level grievance failed to satisfy exhaustion requirement where time period for prison response had not expired before he filed suit). California's regulations pertaining to the inmate appeals process contain time limits for submitting or reviewing appeals. See Cal. Code Regs. tit. 15, § 3084.6. With certain exceptions, third-level appeals must be responded to and returned to the appellant within sixty working days from the date the appeal is received. See id. § 3084.6(a), (b)(4). Such exceptions include: unavailability of the prisoner, or staff or inmate witnesses; complexity of the decision, action or policy; and necessary involvement of other agencies or jurisdictions. Id. § 3084.6(b)(5).

Here, plaintiff asserts in his complaint that he submitted his administrative appeal to

5

1 the Director's level of review on January 20, 2008, but by April 28, 2008 he still had not
2 received a response thereto.  Given such allegations, plaintiff may be able to show he has
3 satisfied the exhaustion requirement because, as of approximately ninety days after having
4 submitted his appeal, he still had received no response.  Alternatively, however, if plaintiff
5 did receive <u>some</u> interim response from the Director's level of review within the allotted time
6 period, even, for example, a response that the final review of his appeal would be delayed,
7 the instant claim likely would be deemed unexhausted at the time plaintiff filed the instant
8 action, and the complaint dismissed.

9     Consequently, plaintiff will be given leave to amend his complaint to allege facts that
10 show he exhausted his administrative remedies prior to filing suit herein.  In so doing,
11 plaintiff should provide the Court with a copy of any response he received from the
12 Director's level of appeal, as well as any further information he received with respect to his
13 Hepatitis diagnosis after he received the lab tests ordered by Dr. Lee in January 2008.
14 Should plaintiff fail to do so, the complaint will be dismissed without prejudice to plaintiff's
15 filing a new action after administrative remedies have been exhausted.

**CONCLUSION**

17     For the reasons stated above, the complaint is hereby DISMISSED with leave to
18 amend to show plaintiff has exhausted his administrative remedies.

19     Within **thirty (30)** days of the date this Order is filed, plaintiff may file an
20 AMENDED COMPLAINT, **<u>using the court's form civil rights complaint</u>**, a copy of which
21 is provided herewith, in order to cure the deficiencies noted above.  Plaintiff shall complete
22 the form, and include in the caption both the case number of this action, No. C 08-2420
23 MMC (PR), and the phrase "AMENDED COMPLAINT."

24     An amended complaint supersedes the initial complaint and may not incorporate by
25 reference any parts of the original complaint.  <u>London v. Coopers & Lybrand</u>, 644 F.2d 811,
26 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer
27 defendants.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern
28 actions filed by pro se litigants as well as litigants represented by counsel.  <u>See</u> <u>King v.</u>

1  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Accordingly, if plaintiff wishes to amend his
2  complaint to cure the pleading deficiencies noted above, he must file an amended complaint
3  that includes all claims from the original complaint he wishes to preserve.
4  **If plaintiff fails to timely file an amended complaint in conformity with this**
5  **order, the complaint will be dismissed without prejudice to plaintiff's filing a new**
6  **complaint once he has exhausted his administrative remedies.**
7  IT IS SO ORDERED.
8  DATED: July 28, 2009

_____
MAXINE M. CHESNEY
United States District Judge