1
2
3
4
5
6
7
8
9

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10    CARL LEE CALLEGARI,           )    No. C 08-2420 MMC (PR)
                                      )
11           Plaintiff,         )    **ORDER OF SERVICE**
                                      )
12    v.                               )
                                      )
13    CHARLES D. LEE, M.D., et al.,    )
                                      )
14           Defendants.     )
15   _____ )

16       On May 12, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State

17 Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint pursuant

18 to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by prison

19 and medical officials at Salinas Valley State Prison ("SVSP"). The Court initially

20 determined plaintiff might be barred from proceeding in forma pauperis under 28 U.S.C. §

21 1915(g), because plaintiff, while incarcerated, had, on three or more prior occasions, brought

22 an action or appeal in federal court that was dismissed on the ground that it was frivolous,

23 malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

24 Consequently, the Court ordered plaintiff to show cause why this action should not be

25 dismissed pursuant to 28 U.S.C. § 1915(g). In response, plaintiff asserted that because of his

26 ongoing need for medical care he "is under imminent danger of serious physical injury"

27 within the meaning of 28 U.S.C. § 1915(g) and, consequently, is entitled to proceed in forma

28 pauperis under the statute.

1    By order filed July 28, 2009, the Court granted plaintiff leave to proceed in forma

2 pauperis and reviewed the allegations in the complaint.  The Court declined to rule on the

3 question of whether plaintiff's allegations state cognizable claims for relief, however, as it

4 was unclear from the complaint whether plaintiff's administrative appeal was still pending at

5 the Director's level of review.  Consequently, the Court dismissed the complaint and

6 afforded plaintiff leave to file an amended complaint to allege facts showing he had

7 exhausted his administrative remedies prior to filing suit herein.  Plaintiff has filed an

8 amended complaint alleging exhaustion and has attached a copy of the Director's level

9 response issued on April 25, 2008.  Accordingly, the Court will review the merits of

10 plaintiff's allegations.

**DISCUSSION**

11

12 A.    Standard of Review

13    A federal court must conduct a preliminary screening in any case in which a prisoner

14 seeks redress from a governmental entity or officer or employee of a governmental entity.

15 See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

16 dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

17 be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

18 § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

19 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

20 § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

21 Constitution or laws of the United States was violated, and (2) that the alleged violation was

22 committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

23 (1988).

24 B.    Plaintiff's Claims

25    1.    Facts

26    The following facts are drawn from the allegations in the amended complaint ("AC")

27 and the attachments thereto.

28    In 2004, plaintiff, while incarcerated at SVSP, was diagnosed with Hepatitis A, B and

2

United States District Court
For the Northern District of California

1   C.  From that date forward, notations have been made in plaintiff's medical records that he

2   tested positive for Hepatitis, but he has never received treatment for Hepatitis.  Further,

3   various SVSP medical practitioners have told plaintiff he does not have Hepatitis.

4   Specifically: (1) in 2004, Dr. Randolph Gibbs refused to provide plaintiff with "combination

5   therapy" for Hepatitis treatment; (2) in 2005, Drs. Reynal Cordero, Navneet Adya, Anthony

6   Milanes and Bey Lovevasia refused to provide plaintiff with Hepatitis treatment; (3) in 2006,

7   Dr. Rany Sid refused to provide plaintiff with Hepatitis treatment; (4) in 2007, Drs. Robert

8   Bowman and R. Rodrigues refused to provide plaintiff with Hepatitis treatment, and (5) in

9   2008, Dr. Sid again refused to provide plaintiff with Hepatitis treatment.  (Compl. at 3:10-22,

10   5:1-11.)

11        In 2007, plaintiff filed a medical administrative appeal seeking to be seen by a private,

12   i.e. non-SVSP, doctor, to confirm his Hepatitis diagnosis and for treatment.  At the first level

13   of review, Nurse Mejias told plaintiff there was no record of his having Hepatitis.  (Id. at

14   5:15-22.)  Similarly, at the second level of review, Nurse Practitioner Tyler, Dr. K. Brannon

15   and Dr. Charles M. Lee, the Health Care Manager at SVSP, stated there was no evidence in

16   plaintiff's medical records indicating plaintiff had Hepatitis.  (Id. at 5:26-6:5.)  Dr. Lee,

17   however, partially granted plaintiff's appeal and ordered a new screening test for Hepatitis A,

18   B and C through "an outside independent community laboratory."  (Compl. Ex. A

19   "Memorandum" dated Jan. 15, 2008, at 2.)  Plaintiff then filed a third level appeal, again

20   asking to see a private non-SVSP doctor.  On April 25, 2008, N. Grannis, the Chief Inmate

21   Appeals Coordinator, denied the appeal on the ground Dr. Lee already had ordered further

22   testing for plaintiff and plaintiff had no right to see a private physician under such

23   circumstances.  (Compl. Ex. A "Director's Level Appeal Decision" dated Apr. 25, 2008.)  No

24   mention is made in the amended complaint as to whether plaintiff was tested and, if so, the

25   results of the test.  Plaintiff claims, however, he still is not receiving treatment for his

26   Hepatitis.

27        Additionally, plaintiff alleges that in 2007 Correctional Officer Jackie Hall humiliated

28   plaintiff by calling plaintiff a "dirty hepatitis boy" and telling other officers and inmates that

3

1  plaintiff has Hepatitis.  (Compl. at 5:12-14.)

2      Claiming that he has never received adequate care for his Hepatitis from any doctor at

3  SVSP, and that the nurses and doctors who refused to treat him or grant his appeals

4  intentionally destroyed the medical records showing he has Hepatitis, plaintiff names as

5  defendants each of the SVSP doctors who allegedly denied him Hepatitis treatment, the

6  nurses and doctors who told him he does not have Hepatitis, Correctional Officer Jackie Hall,

7  and Director Cate of the California Department of Corrections ("CDCR").

8      Plaintiff asks the Court to order that he be seen by a private physician and also seeks

9  monetary damages.  In a recently-filed letter, plaintiff also asks the Court to prevent his

10  anticipated imminent transfer to another prison.

11      2.      Deliberate Indifference to Serious Medical Needs

12      Deliberate indifference to a prisoner's serious medical needs violates the Eighth

13  Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429

14  U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination

15  of two elements: the seriousness of the prisoner's medical need and the nature of the

16  defendant's response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

17  overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

18  Cir. 1997) (en banc).  A prison official acts with deliberate indifference if he knows that a

19  prisoner faces a substantial risk of serious harm and disregards that risk by failing to take

20  reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

21      Here, plaintiff alleges facts that, if true, show he was diagnosed with Hepatitis in 2004

22  but has been denied all treatment for that disease by doctors and nurses who have refused to

23  acknowledge he is ill and have intentionally destroyed medical records documenting his

24  illness.  Such allegations, when liberally construed, state a cognizable claim for relief for

25  deliberate indifference to plaintiff's serious medical needs by the named doctors and nurses

26  who have been linked directly to plaintiff's allegations.

27      3.      Supervisorial Liability

28      In addition to the individual doctors and nurses discussed above, plaintiff names as a

4

**United States District Court**
For the Northern District of California

1    defendant CDCR Director Cate.  A supervisor may be liable under 42 U.S.C. § 1983 upon

2    either a showing of the supervisor's personal involvement in the constitutional deprivation or

3    a sufficient causal connection between the supervisor's wrongful conduct and the

4    constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

5    1991) (en banc).  Consequently, a supervisor generally "is only liable for constitutional

6    violations of his subordinates if the supervisor participated in or directed the violations, or

7    knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040,

8    1045 (9th Cir. 1989).  Under no circumstances is there respondeat superior liability under 42

9    U.S.C. § 1983, i.e., under no circumstances is there liability under § 1983 solely because one

10   is responsible for the actions or omissions of another.  Id.

11          Here, none of the allegations in the amended complaint or attachments thereto link

12   Cate to any of plaintiff's claims.  In particular, there is no indication that Cate either knew of

13   or personally participated in the denial of health care to plaintiff or the denial of plaintiff's

14   inmate appeals.  Accordingly, plaintiff's claim of respondeat superior liability against Cate

15   will be dismissed.  If plaintiff can allege facts to establish supervisorial liability against Cate,

16   he may move to amend his pleadings.

17          4.      Verbal Harassment

18          As noted, plaintiff claims correctional officer Jackie Hall verbally harassed and

19   humiliated him by calling him a "dirty hepatitis boy" and telling other officers and inmates

20   that plaintiff has Hepatitis.  Allegations of verbal harassment and abuse fail to state a claim

21   cognizable under 42 U.S.C. § 1983.  Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)

22   (internal quotation and citation omitted).  Consequently, plaintiff's claim will be dismissed.

23   C.     Transfer

24          In addition to the claims discussed above, plaintiff has written a letter asking the Court

25   to prevent his asserted imminent transfer to another prison.  Plaintiff objects to being

26   transferred because he is trying to obtain treatment at SVSP for his Hepatitis.  Plaintiff's

27   request will be denied.

28          Prisoners have no constitutional right to incarceration in a particular institution.  Olim

United States District Court
For the Northern District of California

1  v. Wakinekona, 461 U.S. 238, 244-48 (1983).  Specifically, a prisoner's liberty interests are

2  sufficiently extinguished by his conviction that the state may generally confine or transfer

3  him to any of its institutions, to prisons in another state or to federal prisons, without

4  offending the Constitution.  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Moreover,

5  there is no indication here that prison officials are transferring plaintiff in order to avoid

6  providing him medical treatment or that plaintiff will not be able to receive necessary

7  treatment at another prison.

8       Plaintiff is informed that if he is transferred to another prison, he must immediately

9  notify the Court and defendants of his new address.

10                                    **CONCLUSION**

11       For the reasons stated above, the Court orders as follows:

12       1.  Plaintiff's claims against defendants CDCR Director Cate and Correctional Officer

13  Jackie Hall are hereby DISMISSED.

14       2.  The Clerk of the Court shall issue summons and the United States Marshal shall

15  serve, without prepayment of fees, a copy of the AMENDED COMPLAINT (Docket No.

16  15), all attachments thereto, and a copy of this order upon the following defendants at Salinas

17  Valley State Prison: Dr. Randolph Gibbs, Dr. Navneet Adya, Dr. R. Rodrigues, Dr. Bey

18  Lovevasia, Dr. Robert Bowman, Dr. Rany Sid, Dr. Reynal Cordero, Dr. Anthony Milanes,

19  Dr. K. Brannon, Dr. Charles D. Lee, Nurse Mejias, and Nurse D. Tyler.

20       The Clerk shall also mail courtesy copies of the amended complaint and this order to

21  the California Attorney General's Office.

22       3.  Within **ninety (90)** days of the date this order is filed, defendant shall file a motion

23  for summary judgment or other dispositive motion with respect to the claim found to be

24  cognizable above.

25       a.  If defendant elects to file a motion to dismiss on the grounds plaintiff failed

26  to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

27  defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune,

28  315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810

United States District Court
For the Northern District of California

1  (2003).

2         b.  Any motion for summary judgment shall be supported by adequate factual

3  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

4  Procedure.  **Defendant is advised that summary judgment cannot be granted, nor**

5  **qualified immunity found, if material facts are in dispute.  If defendant is of the opinion**

6  **that this case cannot be resolved by summary judgment, defendant shall so inform the**

7  **Court prior to the date the summary judgment motion is due.**

8         4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and

9  served on defendant no later than **thirty (30)** days from the date defendant's motion is filed.

10        a.  In the event defendant files an unenumerated motion to dismiss under Rule

11  12(b), plaintiff is hereby cautioned as follows:[1]

12            The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted
13        your administrative remedies.  The motion will, if granted, result in the
dismissal of your case.  When a party you are suing makes a motion to dismiss
14        for failure to exhaust, and that motion is properly supported by declarations (or
other sworn testimony) and/or documents, you may not simply rely on what
15        your complaint says.  Instead, you must set out specific facts in declarations,
depositions, answers to interrogatories, or documents, that contradict the facts
16        shown in the defendant's declarations and documents and show that you have
in fact exhausted your claims.  If you do not submit your own evidence in
17        opposition, the motion to dismiss, if appropriate, may be granted and the case
dismissed.

18        b.  In the event defendant files a motion for summary judgment, the Ninth

19  Circuit has held that the following notice should be given to plaintiffs:

20            The defendants have made a motion for summary  judgment by which
they seek to have your case dismissed.  A motion for summary judgment under
21        Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
            Rule 56 tells you what you must do in order to oppose a motion for
22        summary judgment.  Generally, summary judgment must be granted when there
is no genuine issue of material fact--that is,  if there is no real dispute about any
23        fact that would affect the result of your case, the party who asked for summary
judgment is entitled to judgment as a matter of law, which will end your case.
24        When a party you are suing makes a motion for summary judgment that is
properly supported by declarations (or other sworn testimony), you cannot
25        simply rely on what your complaint says.  Instead, you must set out specific

26

27        [1]The following notice is adapted from the summary judgment notice to be given to pro
se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

**United States District Court**
For the Northern District of California

1
2
3
4

facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

5   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

6   read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S.

7   317 (1986) (holding party opposing summary judgment must come forward with evidence

8   showing triable issues of material fact on every essential element of his claim).  Plaintiff is

9   cautioned that failure to file an opposition to defendant's motion for summary judgment may

10  be deemed to be a consent by plaintiff to the granting of the motion, and granting of

11  judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

12  1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

13         5.  Defendant shall file a reply brief no later than **fifteen (15)** days after plaintiff's

14  opposition is filed.

15         6.  The motion shall be deemed submitted as of the date the reply brief is due.  No

16  hearing will be held on the motion unless the Court so orders at a later date.

17         7.  All communications by the plaintiff with the Court must be served on defendant, or

18  defendant's counsel once counsel has been designated, by mailing a true copy of the

19  document to defendant or defendant's counsel.

20         8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

21  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

22  required before the parties may conduct discovery.

23         9.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

24  informed of any change of address and must comply with the Court's orders in a timely

25  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

26  pursuant to Federal Rule of Civil Procedure 41(b).

27         10.  Any motion for an extension of time must be filed no later than the deadline

28

1    sought to be extended and must be accompanied by a showing of good cause.

2        IT IS SO ORDERED.

3    DATED: October 6, 2009

4                                    _____
                                     MAXINE M. CHESNEY
                                     United States District Judge

**United States District Court**
For the Northern District of California