IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE CALLEGARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES D. LEE, M.D., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 08-2420 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND PRELIMINARY INJUNCTION**<br><br>**(Docket Nos. 19, 23, 24)** |

　　On May 12, 2008, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by prison and medical officials at SVSP.[1] Following various procedural rulings, the Court, by order filed October 6, 2009, ordered defendants to respond to the claim for deliberate indifference to plaintiff's serious medical needs found cognizable in plaintiff's amended complaint. In so doing, the Court directed defendants, within ninety days, to either file a motion for summary judgment or other dispositive motion or, alternatively, inform the Court that they did not intend to do so.

　　On January 4, 2010, defendants filed an answer to the complaint; together with the answer, they filed a request for an extension of time of 120 days to file a dispositive motion

---

[1] Plaintiff currently is incarcerated at the California State Prison - Los Angeles County.

1 based on their ongoing efforts to obtain plaintiff's medical and central file records.  Good
2 cause appearing, defendants' request is hereby GRANTED.  (Docket No. 23.)  Defendants
3 shall file a motion for summary judgment or other dispositive motion no later than **May 6,**
4 **2010**.  Plaintiff shall file opposition to the motion within **thirty** days of the date the motion is
5 filed.  Defendants <u>shall</u> file a reply within **fifteen** days of the date the opposition is filed.

Also pending before the Court is plaintiff's request for the appointment of counsel to represent him in this action.  There is no constitutional right to counsel in a civil case such as this.  <u>See</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004).  To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time.  Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.  Accordingly, plaintiff's motion for the appointment of counsel is hereby DENIED.  (Docket No. 19.)

Additionally, plaintiff has filed a motion for a preliminary injunction, by which he aks the Court to contact prison officials at the California State Prison – Los Angeles County, where plaintiff currently is incarcerated, to inquire as to why plaintiff was transferred to that prison from SVSP and why he might be transferred again to another prison.  Plaintiff contends he is concerned that if he keeps being transferred he will not receive the medical care he requires.  Plaintiff sought similar relief previously from the Court, and that request was denied in the order of service.

2

As the Court explained to plaintiff in its prior order, prisoners have no constitutional right to incarceration in a particular institution. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983). Specifically, a prisoner's liberty interests are sufficiently extinguished by his conviction such that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985). Moreover, there is no indication here that prison officials are transferring plaintiff in order to avoid providing him medical treatment or that plaintiff will not be able to receive necessary treatment at another prison. Finally, the Court is without jurisdiction over prison officials at the California State Prison – Los Angeles County as they are not defendants to this action. Consequently, if plaintiff believes his constitutional rights have been violated by said prison officials, he must file a separate action so alleging, and must do so in the United States District Court for the Central District of California, the venue in which Los Angeles County is located. 28 U.S.C. § 84(c)(2). Accordingly, for the foregoing reasons, plaintiff's motion for a preliminary injunction is hereby DENIED. (Docket No. 24.)

This order terminates Docket Nos. 19, 23 and 24.

IT IS SO ORDERED.

DATED: January 14, 2010

MAXINE M. CHESNEY
United States District Judge