IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE CALLEGARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES D. LEE, M.D., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 08-2420 MMC (PR)<br><br>**ORDER DENYING MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S DISCOVERY MOTIONS AND MOTION FOR PHYSICAL EXAMINATION**<br><br>**(Docket Nos. 28, 29, 32, 36, 40)** |

　　　On May 12, 2008, plaintiff, a California prisoner then incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by medical officials at SVSP.[1]

　　　Now pending before the Court is defendants' motion to dismiss the amended complaint ("AC") for failure to exhaust administrative remedies or, alternatively, motion for summary judgment. Plaintiff has opposed the motion and defendants have filed a reply.

　　　Also before the Court are plaintiff's discovery-related motions and motion for a court-ordered physical examination.

---

[1] In April 2010, plaintiff was transferred to Corcoran State Prison, where he currently resides.

For the reasons set forth below, the Court will deny all of the above motions.

**BACKGROUND**

The following facts are drawn from plaintiff's verified AC, see Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as affidavit), as well as plaintiff's opposition to defendants' dispositive motion, and plaintiff's exhibits.[2]

In 2004, plaintiff, while incarcerated at SVSP, was diagnosed with Hepatitis A, B and C. Nine months after his diagnosis, plaintiff was told he would receive "combination therapy" for his Hepatitis. Although, from the date plaintiff was diagnosed, notations were made in plaintiff's medical records that he tested positive for Hepatitis, plaintiff did not subsequently receive any treatment therefor. Further, following plaintiff's diagnosis, various SVSP medical practitioners told plaintiff he does not have Hepatitis and refused to treat him for such condition. Specifically, according to plaintiff, (1) in 2004, Dr. Randolph Gibbs refused to provide plaintiff with combination therapy for Hepatitis treatment; (2) in 2005, Drs. Reynal Cordero, Navneet Adya, Anthony Milanes and Bey Lovevasia refused to provide plaintiff with Hepatitis treatment; (3) in 2006, Dr. Rany Sid refused to provide plaintiff with Hepatitis treatment; (4) in 2007, Drs. Robert Bowman and R. Rodrigues refused to provide plaintiff with Hepatitis treatment, and (5) in 2008, Dr. Sid again refused to provide plaintiff with Hepatitis treatment. (See AC at 3:10-22, 5:1-11.)

In 2007, plaintiff filed a medical administrative appeal, asking to be seen by a private, i.e. non-SVSP, doctor, to confirm his Hepatitis diagnosis and for treatment. At the first level of review, Nurse Mejias told plaintiff there was no record of his having Hepatitis. (AC at 5:15-22.) Similarly, at the second level of review, Nurse Practitioner Tyler, Dr. K. Brannon and Dr. Charles M. Lee, the Health Care Manager at SVSP, stated there was no evidence in plaintiff's medical records indicating plaintiff had Hepatitis. (AC at 5:26-6:5.) Dr. Lee,

---

[2] Defendants argue in their moving papers that plaintiff's evidence does not support plaintiff's depiction of the facts, but have not provided a separate statement of facts or other independent evidence in support of their motion.

2

however, partially granted plaintiff's appeal and ordered a new screening test for Hepatitis A, B and C. (AC Ex. A "Memorandum" dated Jan. 15, 2008, at 2.) Plaintiff then filed a third, i.e., Director's, level appeal, again asking to see a private, non-SVSP doctor. On April 25, 2008, N. Grannis, Chief Inmate Appeals Coordinator, denied the appeal on the ground that Dr. Lee already had ordered further testing for plaintiff and that plaintiff had no right to see a private physician under such circumstances. (AC Ex. A "Director's Level Appeal Decision" dated Apr. 25, 2008.)

In 2009, plaintiff filed another round of administrative appeals at SVSP, claiming he still was not receiving proper treatment for his Hepatitis. The reviewers at the second and Director's levels of review acknowledged that plaintiff does have Hepatitis and that SVSP doctors were aware of such, but concluded plaintiff had received proper treatment while incarcerated at SVSP. (Opp'n, Ex. E "Memorandum" Second Level Appeal Response dated Jan. 5, 2010; Director's Level Response dated Apr. 6, 2010.)

Claiming he has never received adequate care for his Hepatitis from any doctor at SVSP, and that the nurses and doctors who refused to treat him or grant his appeals intentionally destroyed the medical records showing he has Hepatitis, plaintiff names as defendants each of the SVSP nurses and doctors who told him he does not have Hepatitis and denied him Hepatitis treatment.

Plaintiff asks the Court to order that he be seen by a private physician; plaintiff also seeks monetary damages.

## DISCUSSION

A. <u>Motion to Dismiss for Failure to Exhaust Administrative Remedies</u>

Defendants move to dismiss plaintiff's claims on the ground plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997(e).

1. <u>Legal Standard</u>

Non-exhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule

3

12(b) motion. Id. In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the complaint without prejudice. Id. at 1120.

### 2. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." Id. at 89 (internal citation omitted). Section 1997e(a) requires a prisoner-plaintiff to present his claims to each level of administrative review before raising the claims in a § 1983 action in federal court. See id. at 88.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, ("CCR"), § 3084.1(a).[3] In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review; (2) first formal level appeal, submitted on a CDC 602 inmate appeal form; (3) second formal level appeal, to the institution head or designee; and (4) third formal level appeal, to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). See CCR § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1265;

---

[3]Unless otherwise noted, all further references to code sections are to title 15 of the California Code of Regulations.

4

Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

An action must be dismissed unless the prisoner first exhausted his available administrative remedies before he filed suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

       3.      Exhaustion of Remedies

Defendants argue plaintiff did not properly exhaust his administrative remedies because plaintiff, before submitting to the Director's level of review the final grievance in the series of grievances he initiated in 2007, did not follow proper procedural requirements by first submitting a written request to the warden for referral to an outside physician. In opposition, plaintiff asserts he properly submitted such a request for referral to an outside physician at the both the second and Director's levels of review, where his request was denied on the merits.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 84. Rather, the PLRA requires proper exhaustion. Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Jones v. Bock, 549 U.S. 199, 217-18 (2007). Consequently, a prisoner, in order to properly exhaust, need only provide in a grievance the level of detail required by the prison's regulations. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). In California, prison regulations require only that an inmate "'describe the problem and the action requested.'" Id. (quoting CCR § 3084.2(a)). Thus, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. Id.

As noted above, plaintiff alleges he was diagnosed with Hepatitis by prison doctors in 2004 and told he would be provided with "combination therapy" for the disease, but that he thereafter was denied treatment for several years by SVSP medical personnel who told him

5

he did not have Hepatitis. Based on such allegations, plaintiff claims inadequate medical care and asks to be examined by an outside physician and awarded monetary damages.

The Court finds plaintiff has presented evidence sufficient to show the grievances he pursued prior to filing the instant action were adequate to put prison officials on notice of the claims for which he seeks redress herein. Specifically, plaintiff has presented evidence that shows the following: In plaintiff's first level administrative appeal, filed in 2007, he explained that he had been diagnosed with Hepatitis almost four-and-one-half years previously, complained that his requests for treatment were being ignored, and asked to be referred to an outside doctor for a second opinion. (AC Ex. A "Inmate Appeal Form" ¶ A.) When that appeal was denied and plaintiff was told that he must make a written request to the warden for an outside physician referral, plaintiff filed a second level appeal, expressly asking the warden for such referral. (AC Ex. A "Inmate Appeal Form" ¶¶ E, F.) Plaintiff's request was acknowledged at the second level and denied; the appeal was partially granted, in that plaintiff's medical file was reviewed and a new Hepatitis screening test ordered. (AC Ex. A "Memorandum" dated Jan. 15, 2008.) Plaintiff then submitted an appeal to the Director's level of review, asking to be tested for Hepatitis by an outside doctor because plaintiff did not trust SVSP medical staff. (AC Ex. A. "Inmate Appeal Form" ¶ H.) The appeal was denied on the ground plaintiff's medical records made no mention of his "ever having any form of Hepatitis" and because he already had been scheduled for a new Hepatitis screening test. (AC Ex. A "Director's Level Appeal Decision" dated Apr. 25, 2008.)

Based on the above, the Court concludes plaintiff's administrative grievances alerted prison officials to the nature of plaintiff's complaint that he had requested but was not receiving proper medical attention subsequent to his having been diagnosed with Hepatitis in 2004, and that he believed the only way to receive proper treatment was through referral to an outside physician for a second opinion. Further, said grievances, including plaintiff's request for referral to an outside physician, were not screened out and instead were denied on the merits at both the second and Director's levels of review.

Accordingly, as plaintiff has produced evidence that he properly exhausted his

6

administrative remedies, and defendants have failed to meet their burden of raising and proving the absence of exhaustion, defendants' motion to dismiss the claims against them as unexhausted will be denied.

B.  Motion for Summary Judgment

   1.  Legal Standard

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc. Anderson, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is the moving party's burden to establish that no genuine issue of material fact exists and that the moving party is entitled to judgement as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979). Where the defendant is the moving party, the court will grant summary judgment against a plaintiff "who fails to make a showing sufficient to establish the existence of an element essential to that [plaintiff's] case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

   2.  Defendants' Motion for Summary Judgment

7

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. See McGuckin, 974 F.2d at 1060. Deliberate indifference may be manifested when prison officials intentionally deny or delay medical care. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

In the instant motion for summary judgment, defendants do not argue that Hepatitis is not a serious medical need. Instead, they move for summary judgment on the ground plaintiff cannot show defendants acted with deliberate indifference to his serious medical needs because "[p]laintiff has submitted zero evidence that he has ever been diagnosed with Hepatitis A, B, or C." (Mot. to Dismiss or for Summ. J. at 2:19.) Further, defendants maintain they did not act with deliberate indifference in failing to provide plaintiff with additional diagnostic tests and treatment for Hepatitis because, based on their review of plaintiff's medical records, they have found an absence of evidence that "[any] healthcare provider that has been responsible for the care and treatment of [p]laintiff has ever diagnosed him with Hepatitis A, B, or C " and, therefore, defendants did not believe that they were required to provide further treatment for him. (Id. at 6:10-14.)

Plaintiff, by contrast, argues, and produces evidence to the effect, that his medical

8

records clearly show he was diagnosed with Hepatitis as early as 2004, that defendants were aware of such diagnosis and told him he would be treated, and that defendants intentionally failed, for several years, to respond to plaintiff's requests to confirm his diagnosis and provide him with proper treatment, or, alternatively, refer him to an outside doctor for a second medical opinion. In particular, plaintiff has presented evidence of: (1) laboratory results and medical records from 2004 and 2005, noting plaintiff is infected with Hepatitis (AC Ex. B at 18, 22-27, 29-30, 32); (2) plaintiff's verified statement that he was told in 2004 that he would receive "combination therapy" for his Hepatitis but SVSP doctors subsequently refused, between 2004 and 2008, to accommodate plaintiff's requests for any treatment for his Hepatitis (AC at 3:10-22, 5:1-11); (3) responses to plaintiff's administrative appeals in 2007 and 2008, expressly telling plaintiff there is no evidence in his medical records that he was ever told he has Hepatitis (AC Ex. A at 8-13); (4) laboratory results of blood tests taken in 2010 showing plaintiff is infected with Hepatitis (Opp'n Ex. D at 78-79); and (5) responses to administrative appeals filed by plaintiff in 2009 and 2010, acknowledging plaintiff has Hepatitis and stating he received proper treatment for such condition when at SVSP (Opp'n Ex. E at 83-88).

        In response, defendants argue that, contrary to plaintiff's assertions that the evidence shows his medical needs were not properly addressed, plaintiff's evidence supports defendants' contention that they did not act with deliberate indifference, because the medical records show plaintiff was treated on numerous occasions by SVSP doctors for his medical concerns and that plaintiff has misinterpreted the information pertaining to his Hepatitis diagnosis and treatment. Although defendants correctly note that plaintiff's evidence shows he was seen repeatedly by SVSP doctors for various medical complaints, there is no merit to defendants' argument that the medical records produced by plaintiff show plaintiff is mistaken about his Hepatitis diagnosis and treatment, or that he received appropriate care for such disease.[4] Rather, taking plaintiff's allegations as true, and construing all evidence in the

---

[4] As noted, defendants have not supported their motion with medical records or other evidence pertaining to plaintiff's diagnosis and treatment.

9

1  light most favorable to him, the Court finds a reasonable inference can be drawn that
2  defendants acted with deliberate indifference to plaintiff's serious medical needs.
3  Specifically, plaintiff has produced sufficient evidence to raise a triable issue as to whether
4  he was diagnosed with Hepatitis in 2004, whether defendants were aware of such diagnosis,
5  and whether defendants unreasonably failed to respond to plaintiff's repeated requests for
6  follow-up testing, appropriate treatment, and a second medical opinion.

7  Accordingly, as defendants have failed to carry their burden of demonstrating the
8  absence of a genuine issue of material fact with respect to whether they acted with deliberate
9  indifference to plaintiff's serious medical needs, defendants' alternative motion for summary
10  judgment will be denied. As set forth at the conclusion of this order, defendants shall inform
11  the Court whether they intend to file a renewed motion for summary judgment or, instead,
12  will proceed directly to settlement proceedings.

13  C.   Qualified Immunity

14  Defendants, in addition to the above-described argument that no constitutional
15  violation occurred, argue they are entitled to qualified immunity.

16  The defense of qualified immunity protects "government officials . . . from liability
17  for civil damages insofar as their conduct does not violate clearly established statutory or
18  constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald,
19  457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine
20  (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2)
21  whether such right was clearly established such that it would be clear to a reasonable officer
22  that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 129 S. Ct.
23  808, 818 (2009). The court may exercise its discretion in deciding which prong of the test to
24  address first, in light of the particular circumstances of the case. Id. "If there are genuine
25  issues of material fact in issue relating to the historical facts of what the official knew or
26  what he did," such questions of fact are for the jury to determine, and, consequently,
27  summary judgment on the issue of qualified immunity cannot be granted. Sinaloa Lake
28  Owners Assn. v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995).

Here, as discussed above, there are genuine issues of material fact relating to the historical facts of what defendants herein knew and did regarding plaintiff's Hepatitis diagnosis and requests for treatment, such that it is not possible to say on summary judgment that a reasonable doctor or prison official would have thought it was constitutional to deny plaintiff the testing and treatment he requested. Accordingly, defendants' motion for summary judgment on grounds of qualified immunity will be denied.

D.  Plaintiff's Discovery-Related Motions

Prior to filing his opposition to defendants' dispositive motion, plaintiff filed a motion to compel discovery, as well as several other discovery-related motions, asserting defendants had failed to provide him with requested discovery that he required in order to prepare his opposition to defendants' motion. Defendants have not responded to plaintiff's motion to compel or to his other discovery-related motions.

In view of the Court's ruling that, based on the evidence presented by plaintiff, defendants' motion to dismiss or, alternatively, motion for summary judgment, will be denied, plaintiff's motion to compel, as well as his other discovery-related motions, will be denied without prejudice as moot. Once defendants inform the Court as to whether they intend to file a renewed motion for summary judgment or, instead, will proceed directly to settlement proceedings, the Court will set a schedule for the parties to engage in further discovery.

E.  Plaintiff's Motion for a Court-Ordered Physical Examination

Plaintiff moves, pursuant to Rule 35 of the Federal Rules of Civil Procedure, for a court order directing he be given a physical examination. Rule 35 provides, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1). Plaintiff argues he requires a physical examination because defendants have refused to acknowledge he was diagnosed with Hepatitis in 2004 and 2010.

Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35

11

"does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Smith v. Carroll, 602 F. Supp.2d 521, 526 (D. Del. 2009); see, e.g., Baker v. Hatch, 2010 WL 3212859 at * 3 (E.D. Cal. 2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination); Adams v. Epps, 2008 WL 4861926 at *1 (S.D. Miss. 2008) (same); Cabrera v. Williams, 2007 WL 2682163 at *2 (D. Neb. Sept .7, 2007) (same).

Accordingly, plaintiff's request for a court-ordered physical examination pursuant to Rule 35 will be denied. Plaintiff is not precluded, however, from retaining his own expert medical witness to examine plaintiff and render a medical opinion.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss, or, alternatively, for summary judgment, is hereby DENIED.

2. Within **thirty** days from the date this order is filed, defendants shall inform the Court and plaintiff whether they will file a renewed motion for summary judgment or, instead, whether the matter shall be referred for settlement proceedings.

3. Plaintiff's motion to compel discovery and other discovery-related motions are hereby DENIED without prejudice.

4. Plaintiff's motion for a court-ordered physical examination is hereby DENIED.

This order terminates Docket Nos. 28, 29, 32, 36 and 40.

IT IS SO ORDERED.

DATED: January 19, 2011

MAXINE M. CHESNEY
United States District Judge

12